This request for interlocutory review pursuant to Rule 53(c)(2Xi) and certified by Trial Judge Merow seeks review of the trial judge’s order entered December 2,1980, denying *640 the motion for temporary withdrawal of plaintiffs’ attorney of record from the above captioned case. We agree with and affirm that order.
The proceedings in this matter were begun in 1951 and the detailed litigation history of the Oneida claims, Docket No. 301, is set forth in United States v. Oneida Nation of New York, 201 Ct.Cl. 546, 477 F.2d 939 (1973), and United States v. Oneida Nation of New York, 217 Ct.Cl. 45, 576 F.2d 870 (1978). Docket 301 contains claims for additional compensation for lands ceded to New York State pursuant to 25 treaties between the State and the Oneidas. Liability has been established and the trial division must now determine the Oneidas’ monetary recovery, if any.
The separate attorneys’ contracts with the Oneida Tribe of Indians of Wisconsin and the Oneida Nation of New York date from November 5,1949, and have been extended from time to time. A partner of the firm of Aaron, Aaron, Schimberg & Hess and its successor firm Aaron, Schimberg, Hess, Rusnak, Deutsch & Gilbert, has been the attorney of record for the Oneidas for many years. The contract with the Oneida Tribe of Indians of Wisconsin expired on March 8, 1980, and the contract with the Oneida Nation of New York expired on November 8,1980.
A conflict has arisen among the Oneidas concerning the continued prosecution of Docket 301. The Oneida Tribe of Indians of Wisconsin wishes to dismiss Docket 301 and terminate its contract with the attorney of record. The Oneida Nation of New York (but not all of the New York Oneidas) has decided to prosecute Docket 301 to a conclusion and is opposed to the temporary or permanent withdrawal of the attorney of record. As we understand it, the Wisconsin Oneidas include the majority of the Oneidas residing in the United States. Because of the conflicts between the two tribal organizations, the attorney of record sought leave of this court to withdraw temporarily until such conflicts were resolved.
Trial Judge Merow, in his order denying temporary withdrawal, noted that if all of the persons or organizations having standing in Docket 301 would agree to terminate litigation and dismiss the attorney of record, action to that end could be taken by this court. The trial judge then *641 correctly concluded that since persons and groups with authority to assert the Oneidas’ claims in Docket 301 do wish to go forward, proceedings must continue.
In the motion for review now before us the attorney of record argues that he should be allowed to withdraw temporarily because all of the Oneidas, including the Wisconsin group and others who prefer dismissal, will be bound by any final judgment in Docket 301. Counsel seeks to withdraw to avoid this "continuing conflict of interest.”
In a previous order dated February 22, 1980, 222 Ct. Ct. 667, we denied a motion by the Oneidas to suspend further proceedings in this matter. And in that order we indicated that there is a pressing need to conclude this case. We and our predecessor, the Indian Claims Commission, have been induced to labor over this litigation for almost 30 years. While we appreciate the special difficulties present in this case and the apparent divergence of positions among the plaintiffs, we must still direct that this action go forward. As explained below, counsel still represents a viable tribal organization with a stake in this litigation. And since that organization, namely the Oneida Nation of New York, wishes to proceed with this case, counsel has a plain duty to prosecute this matter to a conclusion promptly. He owes this duty both to the Oneida Nation of New York and to this court.
therefore, XT is ordered, without oral argument, that the trial judge’s order of December 2, 1980, be and it is affirmed.